Kenneth J. Hardin, Esq. (License # P44681)
HARDIN THOMPSON, P.C.
30150 Telegraph Road, Suite 444
Bingham Farms, MI 48025
(412) 567-2205
Kenhardin@hardinlawpc.net
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| JASON RICHARDSON, JESSE CARTER, and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>RHINO RECOVERY LLC and CODY HEMBREE,<br><br>        Defendants. | Case No.<br><br><br>**CIVIL ACTION COMPLAINT** |

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiffs, Jason Richardson and Jesse Carter, by and through their attorneys, HARDIN THOMPSON, P.C., hereby allege as follows:

**INTRODUCTION**

1.     This is a collective action brought on behalf of individuals who perform or have performed vehicle repossession services for Defendants Rhino Recovery LLC and Cody Hembree in the State of Michigan and who were wrongfully classified as independent contractors.

2.     Defendant Rhino Recovery LLC (hereinafter "Rhino") is an asset recovery and repossession company whose principal business involves recovering collateral, primarily motor

1

vehicles, on behalf of banks, credit unions, and other financial institutions and dealerships in Michigan when borrowers default on loan obligations.

3.      Defendant Cody Hembree (hereinafter "Mr. Hembree") is the owner of Defendant Rhino Recovery LLC.  Defendant Cody Hembree is an individual residing at 62611 54th Avenue, Hartford, Michigan 49057.

4.      Plaintiffs bring claims on behalf of themselves and a class of similarly situated individuals who performed vehicle repossession services for Defendants throughout the State of Michigan within the past three (3) years and were misclassified as independent contractors (hereinafter "repossession agents").

5.      Plaintiffs seek relief on behalf of all such individuals who choose to opt-in to this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 201, *et seq*.

6.      Defendants have violated the FLSA by misclassifying these individuals as independent contractors and failing to pay time and one-half their regular rate for hours worked in excess of forty (40) hours per week.

7.      Plaintiffs also bring this action on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure consisting of all similarly situated individuals in the State of Michigan who, within the past three (3) years, performed vehicle repossession services for Defendants, were misclassified as independent contractors, and were not paid overtime compensation at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

**JURISDICTION AND VENUE**

8.      This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

9.      This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.      Venue is proper in this Court because the events giving rise to this action took place within the district where Defendants do business, maintain a corporate presence, and have substantial contacts.

**PARTIES**

11.      Plaintiff Jason Richardson is an adult individual residing at 1222 Southern Avenue, Kalamazoo, Michigan 49001 who provided vehicle repossession services for Defendants as a purported "independent contractor" from June 2023 to September 2024.

12.      Plaintiff Jesse Carter is an individual residing at 51180 County Road 652, Mattawan, Michigan 49071 who provided vehicle repossession services for Defendants as a purported "independent contractor" from October 2022 through February 2025.

13.      The named Plaintiffs bring this action on their own behalf and on the behalf of others similarly situated, including all individuals in the State of Michigan who may choose to opt-in to this action who have provided vehicle repossession services for Defendants, and who were treated as independent contractors, and therefore denied overtime pay for hours worked greater than forty (40) hours per week.  Similarly situated individuals may also choose to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

3

14.    Defendant Rhino Recovery LLC is a limited liability company having a principal place of business located at 2222 West Grand River Avenue, Suite A, Okemos, Michigan 48864, from which it provides repossession services to banks, credit unions, and other financial institutions and dealerships throughout Michigan, primarily involving the recovery of motor vehicle collateral following borrower defaults on loan obligations.

## STATEMENT OF FACTS

15.    Defendants hire individuals, including the named Plaintiffs and others similarly situated, to perform vehicle recovery services in Michigan as so-called "independent contractors."

16.    Although Defendants classify the repossession agents as "independent contractors," the nature of the services they perform, and the manner in which they perform these services, make it clear that they are actually employees who are economically dependent upon Defendants for their livelihood.

17.    Defendants require the named Plaintiffs and other similarly situated repossession agents to work at least Monday through Friday, unless formal requires are made to Defendant Mr. Hembree.

18.    Accordingly, repossession agents are not permitted to take time off or reduce their work schedule below Monday through Friday without prior approval from Defendant Mr. Hembree.

19.    Repossession agents routinely work beyond the mandatory Monday through Friday schedule in order to manage their assignment loads and avoid falling behind, which otherwise results in reprimand from their boss and/or supervisor via text message, phone calls, emails, and other communications.

20. Defendants organize and manage each repossession agent's daily assignments through an electronic application known as "Clearplan" and assigned each agent to a designated "zone" consisting of multiple counties within the State of Michigan from which the agent is responsible for recovering vehicles.

21. Some zones require repossession agents to travel significantly greater distances than others. Because Defendants pay agents on a per-task basis, including repossessions, clean-outs, and similar assignments, longer-distance zones are less favorable.

22. However, Defendants unilaterally determine which repossession agents are assigned to each zone, and agents have no discretion or choice regarding their daily job assignments.

23. Defendants' repossession agents also do not have the authority to refuse to accept any assigned jobs or zones.

24. Repossession agents who wish to reject a job assignment must ask Defendant Mr. Hembree and/or their supervisor for permission, but Defendants have the authority to deny permission for any reason, often resulting in reprimand if agents attempt to decline assignments.

25. As repossession agents complete each assignment within their assigned zone, Clearplan "dims" the icon associated with each assignment to indicate that it has been completed.

26. Defendant Mr. Hembree and the supervisor continuously monitor Clearplan throughout the day to ensure that agents are completing assignments and regularly contact agents regarding their work and completion status.

27. As a result of Defendants' requirement that the repossession agents work at least Monday through Friday and accept all assignments that Defendants assign, the agents regularly

work well over forty (40) hours each week, and are generally unable to find time to perform the same type of work for any other entities besides Defendants.

28.    The named Plaintiffs regularly worked six (6) to seven (7) days per week for Defendants, totaling around 105 to 130 hours each week in order to complete their assignments.

29.    However, Defendants did not pay the repossession agents any overtime compensation for hours worked in excess of forty (40) each week.

30.    Defendants often have newly-hired repossession agents complete ride-along assignments with other repossession agents, during which they receive on-the-job training and instruction concerning the work performed.

31.    For example, at the direction of Defendant Mr. Hembree, Plaintiff Jesse Carter trained Plaintiff Jacob Richardson via ride-along assignments over the period of a few months to train him on performing repossession services.

32.    In addition to controlling the work schedules, routes, and assignments for each repossession agent, Defendants also directly supervise the manner in which the agents complete their assigned work.

33.    Repossession agents regularly receive phone calls and text messages from Defendant Mr. Hembree and/or their supervisor throughout the day regarding the agents' whereabouts and job performance, and to assign new jobs.

34.    Defendants provide company-logo apparel to repossession agents and encourages its use while performing assignments, reflecting Defendants' interest in maintaining a uniform appearance and brand identification during repossession work.

35.    Defendants also provide each repossession agent with a company-issued vehicle bearing Defendant Rhino's logo, which agents are required to use in the performance of repossession services.

36.    Along with a company-issued vehicle bearing Defendant Rhino's logo, Defendants also provide repossession agents with all of the straps, chains, lockout kits, dollies, and other similar equipment that its agents need to perform repossession services.

37.    Defendants also provide each repossession agent with a company-issued credit card and computer.

38.    Moreover, in addition to serving as a repossession agent, Plaintiff Jason Richardson simultaneously worked as a lot attendant during his employment with Defendants.

39.    For approximately fifteen (15) hours per week, Plaintiff Jason Richardson worked as the lot attendant and was responsible for removing and organizing personal property from repossessed vehicles, handling vehicle redemptions when owners reclaimed their cars, and preparing and obtaining signatures on paperwork for vehicles being picked up by transporters.

40.    Because these duties were assigned to Plaintiff Jason Richardson in addition to his responsibilities as a repossession agent, periods involving a high volume of vehicle repossession often prevented him from completing all lot attendant tasks during his scheduled work hours.  As a result, Defendants frequently required or expected Plaintiff Jason Richardson to continue performing lot attendant duties outside of his scheduled hours, without compensation, in order to keep up with the workload and remain current on his assigned tasks.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.    Plaintiffs incorporate all proceeding paragraphs above as though fully stated herein.

7

42.     At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

43.     At all times relevant to this action, Defendants were Plaintiff's employer within the meaning of the FLSA.

44.     Defendants' knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to individuals performing vehicle repossession services based on their misclassification as "independent contractors" violates the FLSA, 29 U.S.C. § 201, *et seq*.

## COUNT II
## VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT ("IWOWA")

45.     Plaintiffs incorporate all proceeding paragraphs above as though fully stated herein.

46.     The Putative Class is former and current "employees" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.932.

47.     Defendants were and continue to be an "employer" within the meaning of the IWOWA.

48.     The Putative Class was unlawfully misclassified as "exempt" and deprived of proper overtime compensation for hours worked in excess of forty (40) per week.

49.     Defendants' conduct in this regard was knowing and willful.

50.     Plaintiffs and all other similarly situated employees were and are being deprived of earned wages and benefits in amounts to be determined at trial.  They are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

8

51.     Plaintiffs seek to certify their claims under IWOWA as a class action under Fed. R. of Civ. P. 23.

52.     The proposed class is defined as "all current and former employees who have performed work for Defendants in the three (3) years prior to the filing of this lawsuit, who have been misclassified as independent contractors for Defendants, and who may opt-in to this case under the FLSA, 29 U.S.C. § 201, *et seq*.

53.     Plaintiffs reserve the right to amend said class definition consistent with information that will be obtained throughout the course of discovery.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiffs Jason Richardson and Jesse Carter, and a class of similarly situated individuals demand judgment against Defendant Rhino Recovery LLC as follows:

a.  Permission for individuals who perform work for Defendants as independent contractors and who have not properly been paid overtime, to opt-in to this collective action pursuant to § 216(b) of the FLSA and IWOWA;

b.  Declare the practices and actions of Defendants as illegal under the FLSA and IWOWA;

c.  Award compensatory damages for monetary and non-monetary loss in whatever amount Plaintiffs and collective members are found to be entitled to, including back and front pay, compensation for overtime hours, economic damages, punitive damages, and any other damages available by law;

d.  Award liquidated damages pursuant to the FLSA and IWOWA;

e.  An award of interest, costs, and reasonable attorneys' fees;

f.  An injunction ordering Defendants to cease their violations of the law as described herein; and

g.  Whatever other relief this Honorable Court deems appropriate.

Dated: June 24, 2026                    Respectfully submitted,

                                        HARDIN THOMPSON, P.C.

                                        */s/ Kenneth J. Hardin*
                                        Kenneth J. Hardin II, Esquire (P44681)
                                        30150 Telegraph Road, Suite 444
                                        Bingham Farms, MI 48025
                                        (412) 593-8106
                                        kenhardin@hardinlawpc.net
                                        *Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs Jason Richardson and Jesse Carter, by and through their attorneys, Hardin Thompson, P.C., demand a trial by jury of all issues in this cause.

Dated: June 24, 2026                    Respectfully submitted,

                                        HARDIN THOMPSON, P.C.

                                        */s/ Kenneth J. Hardin*
                                        Kenneth J. Hardin II, Esquire (P44681)
                                        *Counsel for Plaintiffs*